UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Deborah L. Smith,<br>Plaintiff,<br><br>v.<br><br>Colonial Life & Accident Insurance Company,<br>Defendant. | CASE NO.: 3:23-cv-03319-SAL-SVH<br><br>**COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the U.S. Age Discrimination in Employment Act of 1967 (hereinafter "ADEA"), as amended, 29 U.S.C. §621-634.

2. All conditions precedent to jurisdiction under the ADEA have occurred or been complied with.

   a. A charge of employment discrimination on the basis of age discrimination was filed by the Plaintiff with Equal Opportunity Employment Commission ("EEOC").

   b. Notification of the Right to Sue was received from the EEOC on or about April 14, 2023.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notification of the Right to Sue.

3. The Plaintiff, Deborah L. Smith, is a citizen and resident of the State of Florida and resides in Miami-Dade County.

4. The Defendant, Colonial Life & Accident Insurance Company, upon information and belief, is a domestic corporation organized and operating under the laws of the State of South Carolina and conducting business in Richland County.

5. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

6. The Defendant is a "person" within the meaning of the ADEA, as amended, 29 U.S.C. §630.

7. The Defendant is an industry that affects commerce within the meaning of the ADEA, as amended, 29 U.S.C. §630.

8. The Defendant employs twenty (20) or more employees and is an "employer" within the meaning of the ADEA, as amended, 29 U.S.C. §630.

9. Therefore, the parties, matters and all things hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

10. In or around October 2021, the Plaintiff applied for a position as a Visual/UX Designer with Defendant.

11. Following the initial application process, the Plaintiff participated in three (3) separate interviews for the aforementioned position.

12. Despite the Plaintiff meeting all desired criteria for the position for which she applied, the Defendant denied her application for employment on November 19, 2021, stating that it opted for a "younger candidate."

13. The Plaintiff was forty-one (41) years old at the time of this event and was an older employee as defined by the ADEA.

14. Upon information, belief and the very words of the Defendant, it hired a younger individual for the position Plaintiff sought.

15. It was the duty of Defendant, by and through its agents, servants and employees, to prevent such acts of discrimination and behavior from occurring but failed to do so.

## FOR A FIRST CAUSE OF ACTION
### (Violation of Age Discrimination in Employment Act)

16. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

17. Plaintiff is a member of a protected group on the basis of her age. She was a prospective employee applying for a position for which she was qualified and was an individual over forty (40) years old.

18. Applicants outside of the Plaintiff's protected class (particularly, the younger individual offered the position of Visual/UX Designer) were treated more favorably by the Defendant.

19. The Plaintiff's age was a determining factor in the discrimination against her. But for the Plaintiff's age, she would have been hired by Defendant.

20. The Plaintiff was therefore discriminated against due to her age in violation of the ADEA, as amended, 29 U.S.C. §630.

21. The Defendant violated the ADEA by allowing the age discrimination to exist in the workplace and was wanton and intentional in the discrimination of the Plaintiff in failing to hire her due to her age.

22. As a direct and proximate result of the acts and practices of Defendant in the discrimination against the Plaintiff, she has suffered and continues to suffer from loss of income, back pay, front pay, loss of benefits and other past and future losses.

## REQUEST FOR RELIEF

23. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

24. Due to the acts of the Defendant, the Plaintiff is owed back pay, front pay, benefits, compensatory damages and attorney's fees and costs.

25. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

**WHEREFORE**, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of actions in an amount which is fair, just and reasonable;

2. Judgment in favor of the Plaintiff and against the Defendant for compensatory damages;

3. Judgment in favor of the Plaintiff and against the Defendant for back pay and associated benefits she would have earned, such to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other benefits she may have been entitled to, such to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against the Defendant for prejudgment interest, attorney's fees and costs as may be allowed by law;

6. Judgment in favor of the Plaintiff and against the Defendant for punitive damages; and

5. Judgment in favor of the Plaintiff and against Defendant for any other relief this Honorable Court deems just, proper and allowable under the law.

**[SIGNATURE BLOCK ON FOLLOWING PAGE]**

                          **WIGGER LAW FIRM, INC.**

                          *s/Emily Hanewicz Tong*
                          Emily Hanewicz Tong (Fed. I.D. #12177)
                          Attorney for Plaintiff
                          8086 Rivers Avenue, Suite A
                          North Charleston, SC 29406
                          (t): (843) 553-9800
                          (f): (843) 203-1496
                          (e): ehtong@wiggerlawfirm.com

North Charleston, South Carolina
July 12, 2023